UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-CV-23263

YULAIDA MANSO,

    Plaintiff,

vs.

DEIRDRE M. MARSHALL, P.A., and
DEIRDRE M. MARSHALL, M.D.,

    Defendants.
_____/

# **COMPLAINT**

Plaintiff, Yulaida Manso, sues Defendants, Deirdre M. Marshall, P.A. and Deirdre M. Marshall, M.D., based on the following good cause:

### *Parties, Jurisdiction, and Venue*

1. **Plaintiff, Yulaida Manso**, is a *sui juris* resident of Miami-Dade County, Florida, who is over 18 years old.

2. Plaintiff consents to participate in this lawsuit.

3. **Defendant, Deirdre M. Marshall, P.A.**, is a for-profit Florida corporation that is *sui juris* and operated its medical practice in Miami-Dade County, Florida, at all times material.

4. **Defendant, Deirdre M. Marshall, M.D.,** is over 18 years old, a resident of this Miami-Dade County, and is *sui juris*. Dr. Marshall was at all times material an officer/owner/director of the corporate Defendant for the time period relevant to this lawsuit. She ran its day-to-day operations, was responsible for all operational decisions, and was partially

or totally responsible for paying and/or deciding to pay Plaintiff's wages as well as for the termination of her employment.

5. This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331 and 26 U.S.C. §201, *et seq.*, and pendent/supplemental jurisdiction over Plaintiff's related state law claims.

6. Venue is proper in this Court pursuant because Defendants transact business in Miami-Dade County, they maintain their office and principal places of business and/or live in Miami-Dade County, and also because Defendants employed Plaintiff in Miami-Dade County, with most of the actions complained of occurring within this County.

7. Any/all conditions precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

8. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

9. Plaintiff attempted to resolve this matter pre-suit, but Defendants failed and refused to respond.

## COUNT I – VIOLATION OF EPSLA
### (FAILURE TO PAY FOR LEAVE)

Plaintiff, Yulaida Manso, reincorporates all preceding paragraphs as though set forth fully herein and further alleges as follows:

10. Plaintiff worked for Defendants from 2014 through April 7, 2020.

11. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are believed to be in the exclusive custody of Defendants.

12. The Florida Department of Education closed all public schools to onsite learning as of late afternoon on Tuesday, March 17, 2020, in response to the COVID-19 pandemic.

13. Miami-Dade County thereafter enacted Emergency Order 07-20 and required all non-essential businesses to close as of 9:00 p.m. on March 19, 2020.

14. The Emergency Paid Sick Leave Act ("EPSLA") went into effect on April 1, 2020, and it requires covered employers to provide paid sick leave to employees with one of six (6) qualifying conditions. FFCRA §5102, 5110(2).

15. One of the relevant provisions of the EPSLA is that the employee be required to care for a child whose school or place of care is closed, or for whom childcare is unavailable, because of COVID-19. FFCRA §5102(a).

16. Plaintiff was at all times material hereto an "employee" as the term is defined at 29 U.S.C. §203(e), and incorporated into the EPSLA at 29 C.F.R. §826.10(a).

17. Plaintiff was at all times material hereto an "eligible employee" for purposes of the EPSLA, as the term is defined at 29 C.F.R. §826.10.

18. Defendant, Deirdre M. Marshall, P.A., was at all times material hereto Plaintiff's "employer" as the term is defined at 29 C.F.R. §826.10(a)(i).

19. Defendant, Deirdre M. Marshall, P.A., was at all times material hereto either engaged in commerce, or in an industry or activity affecting commerce that employed less than 500 employees.

20. Defendant, Deirdre M. Marshall, M.D., was at all times material hereto Plaintiff's "employer" as the term is defined at 29 C.F.R. §826.10(a)(i).

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

21. Defendants were Plaintiff's direct employers, joint employers and co-employers, as that term "employer" is defined by 29 U.S.C. §203(d) and incorporated into the EPSLA at 29 C.F.R. §826.10(a).

22. Plaintiff was at all times material hereto the primary caretaker for her child.

23. Plaintiff's child's school closed for a period of time commencing on or about March 17, 2020, and that closure lasted for the duration of the 2019-2020 school year.

24. Plaintiff was required to care for her child, whose school was closed by order of a State or local official or authority, for reasons related to COVID–19. *See* 29 C.F.R. §826.20(a)(1)(v).

25. Plaintiff's spouse could not care for their child, due to his work as a "first responder".

26. No other suitable person was available to care for Plaintiff's child.

27. Plaintiff was taking her child to work with her as a result of the school closure, until Defendants instructed Plaintiff to cease bringing her child to work with her.

28. Plaintiff then requested that Defendants accommodate her by allowing her to telework from home, due to the closure of her child's school, Defendants' continued operation of their non-essential medical practice, and the lack of any other caretaker for her child.

29. Plaintiff advised Defendants of her child's name, the name of the school (as part of the Miami-Dade County Public Schools), and represented that no other suitable person will be caring for her child.

30. Defendants responded by refusing to accommodate Plaintiff, by denying her request to telework from home, and by refusing to provide Plaintiff with paid leave, despite the requirements imposed by the EPSLA.

31. As a direct and proximate result of Defendants' violation(s) of the EPSLA, as set forth above, Plaintiff is entitled to payment of her "average regular rate" of pay for the two-weeks during which she was required to care for her child pursuant to 29 C.F.R. §§826.25 and 826.25.

32. Pursuant to 29 C.F.R. §826.150, Plaintiff seeks recovery of the wages that she would have been entitled to pursuant to the EPSLA, plus an equal amount of liquidated damages, plus her attorneys' fees and costs.

WHEREFORE Plaintiff, Yulaida Manso, demands the entry of a judgment in her favor and against Defendants, Deirdre M. Marshall, P.A. and Deirdre M. Marshall, M.D., jointly and severally after trial by jury and as follows:

   a. That Plaintiff recover compensatory sick wage damages and benefits, plus an equal amount of liquidated damages as provided under the law, in 29 C.F.R. §826.150 and in 29 U.S.C. § 216(b) – or interest on the unpaid wages and benefits if no liquidated damages are awarded;

   b. That Plaintiff recover pre-judgment interest on all unpaid emergency paid sick leave wages and benefits if the Court does not award liquidated damages;

   c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the EPSLA and the FLSA;

   d. That Plaintiff recover all interest allowed by law;

   e. That Defendants be Ordered to make Plaintiff whole by providing appropriate minimum wage / sick leave pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief; and

   f. Such other and further relief as the Court deems just and proper.

## COUNT II – VIOLATION OF EPSLA
## (UNLAWFUL DISCHARGE)

Plaintiff, Yulaida Manso, reincorporates and re-alleges paragraphs 1 through 9 as though set forth fully herein and further alleges as follows:

33. Plaintiff worked for Defendants from 2014 through April 7, 2020.

34. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are believed to be in the exclusive custody of Defendants.

35. The Florida Department of Education closed all public schools to onsite learning as of late afternoon on Tuesday, March 17, 2020, in response to the COVID-19 pandemic.

36. Miami-Dade County thereafter enacted Emergency Order 07-20 and required all non-essential businesses to close as of 9:00 p.m. on March 19, 2020.

37. The Emergency Paid Sick Leave Act ("EPSLA") went into effect on April 1, 2020, and requires covered employers to provide paid sick leave to employees with one of six (6) qualifying conditions. FFCRA §5102, 5110(2).

38. One of the relevant provisions of the EPSLA is that the employee be required to care for a child whose school or place of care is closed, or for whom childcare is unavailable, because of COVID-19. FFCRA §5102(a).

39. Plaintiff was at all times material hereto an "employee" as the term is defined at 29 U.S.C. §203(e), and incorporated into the EPSLA at 29 C.F.R. §826.10(a).

40. Plaintiff was at all times material hereto an "eligible employee" for purposes of the EPSLA, as the term is defined at 29 C.F.R. §826.10.

41. Defendant, Deirdre M. Marshall, P.A., was at all times material hereto Plaintiff's "employer" as the term is defined at 29 C.F.R. §826.10(a)(i).

6

42. Defendant, Deirdre M. Marshall, P.A., was at all times material hereto either engaged in commerce, or in an industry or activity affecting commerce that employed less than 500 employees.

43. Defendant, Deirdre M. Marshall, M.D., was at all times material hereto Plaintiff's "employer" as the term is defined at 29 C.F.R. §826.10(a)(i).

44. Defendants were Plaintiff's direct employers, joint employers and co-employers, as that term "employer" is defined by 29 U.S.C. §203(d) and incorporated into the EPSLA at 29 C.F.R. §826.10(a).

45. Plaintiff was at all times material hereto the primary caretaker for her child.

46. Plaintiff's child's school closed for a period of time commencing on or about March 17, 2020, and that closure lasted for the duration of the 2019-2020 school year.

47. Plaintiff was required to care for her child, whose school was closed by order of a State or local official or authority, for reasons related to COVID–19. *See* 29 C.F.R. §826.20(a)(1)(v).

48. Plaintiff's spouse could not care for their child, due to his work as a "first responder".

49. No other suitable person was available to care for Plaintiff's child.

50. Plaintiff was taking her child to work with her as a result of the school closure, until Defendants instructed Plaintiff to cease bringing her child to work with her.

51. Plaintiff then requested that Defendants accommodate her by allowing her to telework from home, due to the closure of her child's school, Defendants' continued operation of their non-essential medical practice, and the lack of any other caretaker for her child.

7

52. Plaintiff advised Defendants of her child's name, the name of the school (as part of the Miami-Dade County Public Schools), and represented that no other suitable person will be caring for her child.

53. Defendants responded by refusing to accommodate Plaintiff, by denying her request to telework from home, and by refusing to provide Plaintiff with paid leave, despite the requirements imposed by the EPSLA.

54. Plaintiff then objected and/or complained to Defendants about their failure to allow her to telework and their refusal to pay her the sick wages required by the EPSLA.

55. In response to Plaintiff's objection and/or complaint(s) to Defendants about their refusal to allow her to telework and/or their refusal to pay her the sick wages required by the EPSLA, Defendants terminated Plaintiff's employment.

56. As a direct and proximate result of Defendants' violation(s) of the EPSLA, as set forth above, Plaintiff suffered the loss of her job, her identity, and suffered emotional distress as a result of Defendants' retaliatory conduct.

57. Pursuant to 29 C.F.R. §826.150, Plaintiff seeks recovery of the wages that she would have been entitled to pursuant to the EPSLA, the emotional distress and actual damages that she suffered, plus an equal amount of liquidated damages, plus her attorneys' fees and costs.

WHEREFORE Plaintiff, Yulaida Manso, demands the entry of a judgment in her favor and against Defendants, Deirdre M. Marshall, P.A. and Deirdre M. Marshall, M.D., jointly and severally after trial by jury and as follows:

    a. That Plaintiff recover compensatory damages for compensatory/actual damages including lost wages, lost opportunity to earn wages, lost benefits,

    future lost wages and benefits, and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

  b. That Plaintiff recover pre-judgment interest on all unpaid emergency paid sick leave wages if the Court does not award liquidated damages;

  c. That Plaintiff recover for the mental anguish and distress caused by Defendants' retaliatory conduct;

  d. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the EPSLA and the FLSA;

  e. That Plaintiff recover all interest allowed by law; and

  f. Such other and further relief as the Court deems just and proper.

## COUNT III – VIOLATION OF THE FLORIDA WHISTLEBLOWER'S ACT

Plaintiff, Yulaida Manso, reincorporates and re-alleges paragraphs 1 through 9 as though set forth fully herein and further alleges as follows:

58. Plaintiff worked for Defendant, Deirdre M. Marshall, P.A., from 2014 through April 7, 2020.

59. Plaintiff worked more than 1,250 hours during the 12 months before her employment was unlawfully terminated.

60. Plaintiff had an exemplary employment history with Defendant, Deirdre M. Marshall, P.A.

61. Plaintiff "perform[ed] services for and under the control and direction of an employer for wages or other remuneration," for Defendant, Deirdre M. Marshall, P.A., and so Plaintiff was an employee of Defendant, Deirdre M. Marshall, P.A., at all times material, as the term "employee" is defined by Fla. Stat. §448.101(2).

62. Defendant, Deirdre M. Marshall, P.A., was at all times material a "private individual, firm, partnership, institution, corporation, or association that employs ten or more persons," and so it was Plaintiff's employer, as the term "employer is defined by Fla. Stat. §448.101(3).

63. The Emergency Paid Sick Leave Act ("EPSLA") went into effect on April 1, 2020, and requires covered employers to provide paid sick leave to employees with one of six (6) qualifying conditions. FFCRA §5102, 5110(2).

64. One of the relevant provisions of the EPSLA is that the employee be required to care for a child whose school or place of care is closed, or for whom childcare is unavailable, because of COVID-19. FFCRA §5102(a).

65. The Emergency Family Medical Leave Expansion Act ("EFMLEA") alsowent into effect on April 1, 2020, and it requires covered employers to provide paid sick leave to employees who are "unable to work due to a need to care for his or her Son or Daughter whose School or Place of Care has been closed, or whose Child Care Provider is unavailable, for reasons related to COVID-19." 29 C.F.R. §826.20(b).

66. Plaintiff complained to Defendant, Deirdre M. Marshall, P.A., about her reasonable and good faith belief that it was violating her EPSLA and EFMLEA rights by refusing to allow her to telework, by refusing to pay her the emergency sick leave wages to which she was entitled, and by refusing to pay her the wages required during the remainder of the 12 weeks for which she was entitled to take emergency leave due to the closure of her child's school.

67. The EPSLA is a "law, rule, or regulation" as the term is defined by Fla. Stat. §448.101(4) ("includes any statute or ordinance or any rule or regulation adopted pursuant to any federal, state, or local statute or ordinance applicable to the employer and pertaining to the

business.") The EPSLA is part of the Families First Coronavirus Response Act.

68. The EFMLEA is a "law, rule, or regulation" as the term is defined by Fla. Stat. §448.101(4) ("includes any statute or ordinance or any rule or regulation adopted pursuant to any federal, state, or local statute or ordinance applicable to the employer and pertaining to the business.") The EFMLEA is part of the FFCRA.

69. On March 20, 2020, the Governor of the State of Florida issued Executive Order Number 20-27 directing all health care practitioners licensed in the State of Florida to "immediately cease performing" elective medical procedures.

70. Executive Order Number 20-27 vested the Agency for Healthcare Administration and the Department of Health with the authority to further implement and enforce its terms.

71. Section 252.36, Florida Statutes, provides that with regard to an executive order, "Such executive orders, proclamations, and rules shall have the force and effect of law."

72. Despite Executive Order 20-27 and Fla. Stat. §252.36, Defendant, Deirdre M. Marshall, P.A., nonetheless continued to perform non-emergency and non-essential cosmetic procedures – such as cosmetic facial injections – despite the orders issued by the State of Florida and Miami-Dade County that precluded the performance of non-emergency and non-essential medical services.

73. Plaintiff complained to Defendant, Deirdre M. Marshall, P.A., that it was violating Florida law by not only performing non-emergency and non-essential cosmetic procedures, but that it was violating the law by not wearing the required personal protective equipment (including masks) and by not requiring patients to the wear the required facial coverings (masks), despite the requirements (rules, laws, and/or regulations) requiring them to do so.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884 FAX 305.230.4844
*www.fairlawattorney.com*

74. Defendant, Deirdre M. Marshall, P.A., disregarded the law and retaliated against Plaintiff shortly after she objected/complained about (a) not being able to telework in violation of the EPSLA, (b) not being offered the ability to receive emergency sick leave wages in violation of the EFMLA, (c) not being offered the ability to receive leave wages in violation of the EPSLA, (d) its continuing to perform non-essential elective medical procedures despite the prohibition on same, and (e) its failure to adhere to the requirements for wearing PPE and for requiring patients to wear facial coverings/masks in the office.

75. By initiating adverse employment actions against Plaintiff as aforesaid, Defendant, Deirdre M. Marshall, P.A., violated the Florida Whistleblower Act.

76. Plaintiff was damaged and suffered a loss of her benefits, seniority rights, wages, and other remuneration as a direct and proximate result of Defendant, Deirdre M. Marshall, P.A.'s retaliatory conduct.

WHEREFORE Plaintiff, Yulaida Manso, demands the entry of a judgment against Defendant, Deirdre M. Marshall, P.A., after trial by jury for compensatory damages including her lost benefits, lost seniority rights, lost wages past and future, lost benefits, and other remuneration (including paid time off), reinstatement to the same or equivalent position, attorneys' fees pursuant to Fla. Stat. §448.103, costs, all interest allowed by law, and for such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, Yulaida Manso, demands a trial by jury of all issues so triable.

Respectfully submitted this 5th day of August 2020.

<div style="text-align:right">

Brian H. Pollock, Esq.
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
FAIRLAW FIRM
7300 N. Kendall Drive
Suite 450
Miami, FL 33156
Tel:    305.230.4884
*Counsel for Plaintiff*

</div>