## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-23263-CIV-WILLIAMS/TORRES
**(CONSENT CASE)**

YULAIDA MANSO,

    Plaintiff,

v.

DEIRDRE M. MARSHALL, P.A, *et al.*

    Defendants.

_____/

## JOINT MOTION FOR ENTRY OF ORDER APPROVING SETTLEMENT
## AND DISMISSING CASE WITH PREJUDICE

Plaintiff, **YULAIDA MANSO** ("**Plaintiff**") and Defendants, **DEIRDRE M. MARSHALL, P.A.** and **DEIRDRE M. MARSHALL, M.D** (collectively, "**Defendants**"), by and through their undersigned counsel, hereby respectfully request that this Court approve their settlement and dismiss this case with prejudice. In support of this Motion, the parties state as follows:

1. In order to avoid the uncertainties of litigation and the attorneys' fees associated with this type of action, the parties have resolved this action involving alleged violations of the Emergency Paid Sick Leave Act ("**EPSLA**"), the Expanded Family and Medical Leave ("**EFMLA**"), and the Families First Coronavirus Response Act ("**FFCRA**"), all of which are subject to the enforcement provisions and the terms of the Fair Labor Standards Act  ("**FLSA**") (collectively, the "**Wage Claims**"), in its entirety pursuant to a settlement agreement.

2. Pursuant to Federal law, settlements regarding claims covered under the FLSA must be approved by either the Court or the U.S. Department of Labor to be binding. See Lynn's Food Stores v. United States ex. rel. United States Dept. of Labor, 679 F.2d 1350, 1352-53 (11th Cir. 1982). In the former instance, "the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." Id. at 1353. In this case, no complaint was filed with the U.S. Department of Labor. Accordingly, the settlement agreement in this matter must be submitted to the Court for approval.

3. The parties have agreed to a settlement amount and Plaintiff has reasonably departed from her originally estimated damages for the reasons cited herein.

4. The parties agree that the terms of the settlement agreement constitute a fair and reasonable settlement of a bona fide dispute.

5. The parties ask to submit the settlement agreement for an in camera inspection with this motion.  Confidentiality is a material term of the parties' settlement. Thus, the parties agree that submitting the settlement agreement to the Court's chambers for in camera review is necessary to allow the final resolution of this matter. The parties request permission to submit their settlement agreement to the Court's chambers via e-mail for in camera inspection.  Neither party will be prejudiced by in camera inspection of the agreement.

## **MEMORANDUM OF LAW**

**A. The Standard of Review**

Section 16(b) of the FLSA (29 U.S.C. § 216(b)) permits employees to settle and release FLSA claims against an employer if the parties present the trial court a proposed settlement and the trial court enters an order approving the fairness of the settlement.

Lynn's Food Stores, 679 F.2d at 1352.  Before approving a settlement agreement, the Court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." Id. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." Id. at 1354.

**B.      All Relevant Factors Support Approving the Proposed Settlement**

In determining whether the settlement is fair and reasonable, the Court considers the following factors:

1. The existence of fraud or collusion behind the settlement;
2. The complexity, expense, and likely duration of the litigation;
3. The stage of the proceedings and the amount of discovery completed;
4. The probability of plaintiff's success on the merits;
5. The range of possible recovery; and
6. The opinions of counsel.

See Leverso v. South Trust Bank of Ala. Nat. Assoc., 18 F.3d 1527, 1531 n.6 (11th Cir. 1994).

In reviewing such factors, there is a strong presumption in favor of finding a settlement to be fair. See Hamilton v. Frito-Lay, Inc., No. 6:06-cv-592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-3 (M.D. Fla. Jan. 8, 2007); Cotton v. Hinton, 559 F.2d 1326, 1331 (5th Cir. 1977).  All such factors support approving settlement in this case.

### 1.    *There is No Fraud in this Case*

Courts have found no fraud or collusion where both parties were represented by counsel and the amount paid to the plaintiff seems fair. See Helms v. Central Fla. Reg. Hosp., No. 6:05-cv-383-Orl-22JGG, 2006 WL 3858491, at *4 (M.D. Fla. Dec. 21, 2006).

3

Here, each party is independently represented by competent counsel with extensive experience in litigating FLSA claims.

### 2. *The Complexity, Expense, and Length of Litigation Support Early Resolution*

The complexity, expense, and length of litigation heavily weigh in favor of early settlement in this case. The cost of protracted litigation, which would be required for the parties to pursue their claims and defenses and obtain final judgment on the merits, would be exceedingly high, and likely would exceed Plaintiff's alleged damages in this action. The proposed settlement minimizes such costs, preserving the parties' and the Court's time and resources.

### 3. *The Parties Have Sufficiently Investigated this Case Prior to Engaging in Settlement Discussions*

There has been sufficient investigation, discovery and exchange of information to allow the parties to undertake fair and reasonable settlement. The parties have exchanged documents, including without limitation, information regarding payroll records, time records, compensation paid and correspondence between the parties.

### 4. *Probability of Success on the Merits Is in Dispute*

Defendants strongly dispute the merits of Plaintiff's claims—making protracted litigation inevitable if the proposed settlement is not approved. Accordingly, Plaintiff's probability of success on the merits, and the uncertainty that she would be awarded any amount or what such amount would be, further support the proposed compromise and show that this settlement is fair and appropriate.

### 5. *The Range of Possible Recovery Supports Approving Settlement*

The proposed settlement payments, which will be provided to the Court for *in camera* inspection and review, are substantial while also taking into account Defendant's potential defenses. Additionally, the parties in the settlement agreement have also separately negotiated and agreed to settle Plaintiff's attorneys' fees and costs without regard to the amount to be paid to Plaintiff.

### 6. *Counsel for Both Parties Agree the Proposed Settlement Represents a Fair Resolution*

Given the facts and circumstances of this cause, counsel for both parties concur that the proposed settlement is a fair and reasonable compromise of Plaintiff's claims.

## C. The Proposed Attorneys' Fees are Fair

The last element the Court should evaluate in determining fairness of the settlement agreement is the reasonableness of the proposed attorneys' fees. See Helms, at *3; Strong v. Bellsouth Telecomms., Inc., 137 F.3d 844, 849-50 (5th Cir. 1998). Provided "the plaintiff's attorneys' fee is agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court [should] approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." Bonetti v. Embarq Management Co., 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

In this case, the attorneys' fees to be paid as a part of the resolution of Plaintiff's claims were agreed upon by the parties separately and without regard to the amount paid to Plaintiff. Accordingly, because the settlement is reasonable on its face and Plaintiff's

5

recovery was not adversely affected by the amount of fees paid to her attorney, the Court should approve the settlement.

**WHEREFORE**, the parties respectfully request that this Court approve the proposed settlement and dismiss plaintiff's claims in their entirety, with prejudice.

Respectfully submitted this 12th day of February 2021.

| | |
|---|---|
| s/ Brian H. Pollock, Esq. | s/ Rene Gonzalez-Llorens, Esq. |
| Brian H. Pollock, Esq. (174742) | Rene Gonzalez-Llorens, Esq. (53790) |
| brian@fairlawattorney.com | rllorens@shutts.com |
| FAIRLAW FIRM | SHUTTS & BOWEN LLP |
| 7300 N. Kendall Drive | 200 S. Biscayne Boulevard |
| Suite 450 | Suite 4100 |
| Miami, FL 33156 | Miami, FL 33131 |
| Tel:   305.230.4884 | Tel:   305.347.7337 |
| *Counsel for Plaintiff* | *Counsel for Defendants* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 16th day of February, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send notice to all counsel of record.

*s/ Rene Gonzalez-LLorens*
Of Counsel

MIADOCS 21728912 1